**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------X
SOL CECILIA REYES, as Administrator of the Estate of
NOEL MATTHEW POLANCO, SOL CECILIA REYES,
individually and DIANE DEFERRARI,

Civil Action No.:

**CV 13 - 4034**

       Plaintiffs,

**JURY TRIAL DEMANDED**
**COMPLAINT**

    -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE DETECTIVE HASSAN
HAMDY and JOHN DOES-Police Officers as yet
unidentified,

**DEARIE, J.**

      Defendants.
----------------------------------------X

**MANN. M.J.**

    Plaintiffs, by their attorneys, RUBENSTEIN & RYNECKI, ESQS., complaining of the

defendants herein, upon information and belief, respectfully show to this Court, and allege as

follows:

### JURISDICTION

    That at all times hereinafter mentioned, plaintiffs bring this suit for a violation of

their civil rights under 42 U.S.C.A. sections 1981, 1983, 1985, 1986 and 1988 and within the United

States Constitution and the laws of the State of New York and this court has jurisdiction of this

action pursuant to 28 U.S.C.A. 1331 and 1343. Plaintiffs further invoke the supplemental jurisdiction

of this Court to adjudicate pendant state law claims pursuant to 28 USC section 1367.

    The amount of damages in controversy is in excess of SEVENTY FIVE

THOUSAND DOLLARS (**$75,000.00**), exclusive of interest and costs.

    The venue is laid within the United States District Court for the Eastern District of

New York in that the incident arose in the Eastern District of New York.

    Plaintiffs demand a trial by jury on each and every one of the claims pled herein.

### THE PARTIES

1.    The plaintiff decedent, NOEL MATTHEW POLANCO, resided at 9825 Horace

Harding Expressway, County of Queens, City and State of New

York.

2.      The plaintiff, SOL CECILIA REYES, resides at 61-15 97th Street, County of Queens, City and State of New York.

3.      The plaintiff, DIANE DEFERRARI, resides at 9825 Horace Expressway, County of Queens, City and State of New York.

4      SOL CECILIA REYES, was the Mother of the plaintiff decedent, NOEL MATTHEW POLANCO, and was appointed Administrator of the goods, chattels, credits of decedent, NOEL  MATTHEW POLANCO, by order of the Honorable Peter J. Kelly, Surrogate of Queens County by the order of the court dated January 4, 2013.

5.      That the defendant, THE CITY OF NEW YORK, at all times hereinafter mentioned was a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

6.      That the defendant THE CITY OF NEW YORK maintains a police force known as the NEW YORK CITY POLICE DEPARTMENT.

7.      In addition to the facts alleged in the following sub paragraphs, the following defendants are all sued in their individual and official capacities and all acted within the scope of their employment and under color of state law, to wit, under color of statues, ordinances, regulations, policies, customs and usages of the State of New York and/or City of New York.

(A)      Defendant, POLICE DETECTIVE HASSAN HAMDY, at all relevant times was a police officer employed  by the defendant, THE CITY OF NEW YORK.

(B)      Defendant, JOHN DOES-Police Officers as yet unidentified, at all relevant times were  police officers employed by the defendant, THE CITY OF NEW YORK.

## NOTICE OF CLAIM

8.      Plaintiffs in furtherance of their State causes of action filed timely Notice of Claim against THE CITY OF NEW YORK, in compliance with General Municipal Law Section 50. The Notices of Claim were filed on December 10, 2012 on behalf of the  plaintiff, DIANE DEFERRARI,

and on February 20, 2013, on behalf of plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO.

9.      More than thirty (30) days has elapsed since service of the said Notice of Claim have been filed and THE CITY OF NEW YORK, has failed to pay or adjust the claim.

10.     That on May 30, 2013, pursuant to the General Municipal Law, a Statutory 50-H hearing of the plaintiff, DIANE DEFERRARI, was held.

11.     That on June 5, 2013, pursuant to the General Municipal Law, a Statutory 50-H hearing of the plaintiff, SOL CECILIA REYES, was held.

12.     Plaintiffs have complied with all conditions precedent for the commencement of this action.

## FACTUAL ALLEGATIONS

13.     This action has been commenced within one (1) year and ninety (90) days after the happening of the events, upon which these claims arise.

14.     That the defendant, THE CITY OF NEW YORK, its agents, servants and/or employees operated, maintained, and controlled a police force known as the NEW YORK CITY POLICE DEPARTMENT, including all the police officers employed therein.

15.     That at all times hereinafter mentioned, defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES-Police Officers as yet unidentified, were employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

16.     That on October 4, 2012 at approximately 5:15 A.M. and for sometime prior thereto, the plaintiff, decedent, NOEL MATTHEW POLANCO, was lawfully present at or about the Grand Central Parkway, at or near LaGuardia Airport, County of Queens, City and State of New York.

17.     That on October 4, 2012 at approximately 5:15 A.M. and for sometime prior thereto, the plaintiff, DIANE DEFERRARI, was lawfully present at or about the Grand Central Parkway, at or near LaGuardia Airport, County of Queens, City and State of New York.

18.     At the aforementioned time and place the plaintiff decedent, NOEL MATTHEW POLANCO, was operating his motor vehicle.

19.     At the aforementioned time and place the plaintiff, DIANE DEFERRARI, was a lawful occupant in the vehicle owned and operated by plaintiff decedent, NOEL MATTHEW POLANCO.

20.     At the aforementioned time and place as the plaintiff decedent, NOEL MATTHEW POLANCO, lawfully operated the aforementioned motor vehicle with the plaintiff, DIANE DEFERRARI, within the aforesaid motor vehicle. Numerous vehicles operated by defendants, JOHN DOES-Police Officers as yet unidentified, while acting as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, forced plaintiff decedent, NOEL MATTHEW POLANCO, to bring his vehicle to a stop at the aforementioned location.

21.     After plaintiff decedent, NOEL MATTHEW POLANCO, brought his vehicle to a stop, defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, exited their vehicles and surrounded the plaintiff decedent's vehicle with weapons drawn.

22.     After plaintiff decedent, NOEL MATTHEW POLANCO, stopped his vehicle defendant, POLICE DETECTIVE HASSAN HAMDY, approached his vehicle opened gunfire and began shooting at the plaintiff decedent, NOEL MATTHEW POLANCO and plaintiff, DIANE DEFERRARI, without reason or provocation.

23.     The plaintiff decedent, NOEL MATTHEW POLANCO, was struck by a bullet discharged from a gun fired by defendant, POLICE DETECTIVE HASSAN HAMDY, causing plaintiff decedent, NOEL MATTHEW POLANCO, grave injuries resulting in his death.

24.     That the shooting of the plaintiff, plaintiff decedent, NOEL MATTHEW POLANCO, was without probable cause.

25.     The shooting of the plaintiff decedent, NOEL MATTHEW POLANCO, caused plaintiff, DIANE DEFERRARI, to fear for her life, to suffer mental anguish and fear.

26.    The aforementioned shooting was performed knowingly, intentionally and willfully.

27.    The aforementioned shooting was performed negligently and recklessly.

28.    The aforementioned shooting was performed without reason or provocation.

29.    The aforementioned shooting resulted in the death of the plaintiff decedent, NOEL MATTHEW POLANCO.

30.    The aforementioned shooting caused personal injuries to the plaintiff, DIANE DEFERRARI.

31.    After the aforementioned shooting plaintiff, DIANE DEFERRARI, was placed under arrest, and kept confined against her will.

32.    At no time during the events described above or as the events occurred did the defendant officers have probable cause for the discharge of their firearms.

33.    At no time during the events described above or as the events occurred did the defendant officers have probable cause for the arrest, imprisonment or confinement of the plaintiff, DIANE DEFERRARI, and there was no legal cause or excuse for her seizure.

34.    The actions of all individual defendants were performed within the scope of their employment and authority for whose acts of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are liable under the doctrine of respondent superior.

35.    By reason of said shooting plaintiff decedent, NOEL MATTHEW POLANCO, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

36.    By reason of said shooting the plaintiff, DIANE DEFERRARI, was caused to suffer injuries, including pain and suffering; emotional and psychological distress and horror.

**AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT
AND BATTERY ON BEHALF OF SOL CECILIA REYES, AS
ADMINISTRATOR OF THE ESTATES OF NOEL MATTHEW POLANCO**

37.    The plaintiffs repeat and realleges each and every allegation set forth above numbered "1" through "36" inclusive with the same force and effect as if more fully set forth at

length herein.

38.    That on October 4, 2012 at approximately 5:15 A.M. and for sometime prior thereto plaintiff decedent, NOEL MATTHEW POLANCO, was lawfully present at or about the Grand Central Parkway, at or near LaGuardia Airport, County of Queens, City and State of New York

39.    That on October 4, 2012 at approximately 5:15 A.M. and at all times hereinafter mentioned and upon information and belief,  plaintiff decedent, NOEL MATTHEW POLANCO, was shot without reason or provocation, resulting in death by the defendants, including but not limited to defendants, POLICE DETECTIVE HASSAN HAMDY, acting as a police officer and as an agent, servant and/or employee of the defendants, THE CITY OF NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT.

40.    The aforementioned shooting was performed knowingly, intentionally and wilfully.

41.    That the police officers involved in this incident who committed the aforementioned stop and shooting on the plaintiff decedent, NOEL MATTHEW POLANCO, were acting within their scope of employment with the defendants,  THE CITY OF NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT.

42.    That the shooting of the  plaintiff decedent, NOEL MATTHEW POLANCO, was without probable cause.

43.    By reason of said assault and battery, the plaintiff decedent, NOEL MATTHEW POLANCO, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

44.    By reason of the foregoing, the plaintiff, SOL CECILIA REYES, as Administrator of the Estate of  NOEL MATTHEW POLANCO, and SOL CECILIA REYES, individually,  demands judgment for assault and battery against defendants, THE CITY OF NEW YORK and  THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified.

POLANCO, which resulted in the death of the plaintiff, NOEL MATTHEW POLANCO.

48.     The defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, through its agents, servants, employees and the police officers involved, defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, were negligent, reckless and careless in shooting the plaintiff decedent, NOEL MATTHEW POLANCO.

49.     As the result of said negligence, the plaintiff decedent, NOEL MATTHEW POLANCO, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering; emotional and psychological distress and horror.

50.     By reason of the foregoing, the plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO, and SOL CECILIA REYES, individually, demands judgment for negligence against defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified.


### AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION ON BEHALF OF SOL CECILIA REYES, AS ADMINISTRATOR OF THE ESTATES OF NOEL MATTHEW POLANCO

51.     The plaintiffs repeat and realleges each and every allegation set forth above numbered "1" through "50" inclusive with the same force and effect as if more fully set forth at length herein.

52.     The defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment and training of agents, servants and/or employees and were negligent in the hiring, training and retention of defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, so as to cause the death of NOEL MATTHEW POLANCO.

53. That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, and continued to employ them and allowed them to be in contact with the public at large.

54. By reason of the foregoing, the plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO, and SOL CECILIA REYES, individually, demands judgment for negligent hiring and retention against defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR WRONGFUL DEATH ON BEHALF OF SOL CECILIA REYES, AS ADMINISTRATOR OF THE ESTATES OF NOEL MATTHEW POLANCO

55. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "54" inclusive with the same force and effect as if more fully set forth at length herein.

56. That on October 4, 2012 at approximately 5:15 A.M. the plaintiff decedent, NOEL MATTHEW POLANCO, was lawfully in a motor vehicle when he was caused to be shot resulting in his death, by defendant, POLICE DETECTIVE HASSAN HAMDY.

57. That the shooting of the plaintiff decedent, NOEL MATTHEW POLANCO, was without probable cause.

58. The aforementioned shooting was performed knowingly, intentionally and willfully.

59. The aforementioned shooting was performed negligently and recklessly.

60. The aforementioned shooting was performed without reason or provocation.

61.     The aforementioned shooting resulted in the death of the plaintiff decedent, NOEL MATTHEW POLANCO.

62.     That at all times hereinafter mentioned, defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES-Police Officers as yet unidentified, engaged in the actions and conduct alleged herein in their official capacity as New York City Police Officers and under the color and authority of State law, regulation, ordinance, custom, and usage.

63.     That such actions served to deprive the plaintiff decedent, NOEL MATTHEW POLANCO, of the rights and privileges of the **United States Constitution, the Fourteenth (14ᵗʰ) Amendment of the U.S. Constitution and Sec. 1983 of 42 U.S.C.** In particular, he was deprived of his right to due process of law, of his right to happiness, to liberty, to be free from physical injury and the unwarranted use of physical force, and ultimately to the most fundamental right - his right to life.

64.     The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, have as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or otherwise direct its' police officers, including the officers at the scene in this case, regarding the protection of the constitutional rights of citizens - and more importantly -failed to tear down the **"Blue Wall of Silence"** so as to force the disclosure of these constitutional abuses and to take corrective measures.

65.     Such policy, practice and deliberate indifference have been described in excruciating detail in the various investigations and commissions into the Police Department. It has served to encourage and sanction the police officers' unlawful conduct described above, and was a proximate cause of the violations of plaintiff decedent, NOEL MATTHEW POLANCO's rights on the morning of October 4, 2012.

66.     By reason of the foregoing, the plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO, and SOL CECILIA REYES, individually demands judgment for wrongful death against defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, POLICE

DETECTIVE HASSAN HAMDY and JOHN DOES-Police Officers as yet unidentified.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION 42USC A 1983 ON BEHALF OF SOL CECILIA REYES, AS ADMINISTRATOR OF THE ESTATES OF NOEL MATTHEW POLANCO

67.     The plaintiffs repeat and realleges each and every allegation set forth above numbered "1" through "66" inclusive with the same force and effect as if more fully set forth at length herein.

68.     The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, acting under the color of law and within the scope of their authority, assaulted and battered the plaintiff, decedent, NOEL MATTHEW POLANCO, in violation of 42 U.S.C.A. section 1983 as well as other applicable state and federal laws.

69.     The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, acting under color of law and within the scope of their authority, deprived the plaintiff decedent, NOEL MATTHEW POLANCO, of liberty without due process and without reasonable cause in violation of 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

70.     The defendants had deprived the plaintiff decedent, NOEL MATTHEW POLANCO, by their actions of his civil rights as guaranteed by statute.

71.     That the shooting was in violation of the civil rights of the plaintiff decedent, NOEL MATTHEW POLANCO, more particularly, **42 U.S.C.A. Section 1983** as well as other applicable state and federal laws, including the **first (1st) the fourth (4th) and fourteenth (14th) Amendment to the United States Constitution.**

72.     That the deprivation by the defendants of plaintiff decedent, NOEL MATTHEW POLANCO's civil rights was a result of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT including but not limited to POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, acting under color of law and within their authority as law enforcement officers within the employ of the defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

73.     The defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, conspired with one another to deprive the plaintiff decedent, NOEL MATTHEW POLANCO, of his constitutional rights, including the rights: to be free from the intentional use of unreasonable force; to be free from unreasonable search and seizure, unreasonable and excessive force.

74.     The defendants further violated the civil rights of the plaintiff decedent, NOEL MATTHEW POLANCO, by conspiring to cover up the circumstances and facts of the shooting of the plaintiff decedent, NOEL MATTHEW POLANCO. Defendants engaged in a fabrication as to the acts and events leading up to and resulting in the shooting of the plaintiff decedent, NOEL MATTHEW POLANCO.

75.     That the defendants' actions were not privileged or immune.

76.     That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, were not acting with immunity when they deprived the plaintiff decedent, NOEL MATTHEW POLANCO, of his civil rights.

77.     By reason of the foregoing, the plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO, and SOL CECILIA REYES, individually, demands judgment for civil right violation against defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR PUNITIVE
### DAMAGES ON BEHALF OF SOL CECILIA REYES, AS ADMINISTRATOR
### OF THE ESTATES OF NOEL MATTHEW POLANCO

78.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "77" inclusive with the same force and effect as if more fully set forth at length herein.

79.     The actions of the defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, herein above alleged, were malicious, willful and grossly negligent.

80.     The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, authorized, permitted and ratified the unlawful and negligent acts of defendants, defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, their agents, servants and/or employees, herein above alleged.

81.     By reason of the foregoing, the plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO, and SOL CECILIA REYES, individually, demands judgment for punitive damages against defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR LOSS OF
### SERVICES ON BEHALF OF SOL CECILIA REYES, AS MOTHER
### AND NATURAL GUARDIAN, OF THE DECEDENT NOEL MATTHEW POLANCO

82.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "81" inclusive with the same force and effect as if more fully set forth at length herein.

83.     That at all times hereinafter mentioned, the plaintiff, SOL CECILIA REYES, was the lawful Mother and Natural Guardian of the plaintiff decedent, NOEL MATTHEW POLANCO, and as such plaintiff, SOL CECILIA REYES, was entitled to the society and services of the plaintiff decedent, NOEL MATTHEW POLANCO.

84.     By reason of the afore-described negligence of the defendants, the plaintiff, SOL CECILIA REYES, was deprived of the society and services of the plaintiff decedent, NOEL MATTHEW POLANCO, and shall forever be deprived of said society and services.

85.     As a result of the afore-described negligence, the plaintiff, SOL CECILIA REYES, expended diverse sums of money in payment of the expenses incurred for funeral expenses, burial costs, medical care, treatment and hospitalization for the plaintiff decedent, NOEL MATTHEW POLANCO.

86.     By reason of the foregoing, the plaintiffs, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO, and SOL CECILIA REYES, individually, demands judgment for loss of services against defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR ASSAULT AND BATTERY ON BEHALF OF DIANE DEFERRARI

87.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "86" inclusive with the same force and effect as if more fully set forth at length herein.

88.     That the defendant, THE CITY OF NEW YORK, at all times hereinafter mentioned was a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

89.     That the defendant, THE CITY OF NEW YORK maintains a police force known as the NEW YORK CITY POLICE DEPARTMENT.

90.     That the defendant, THE CITY OF NEW YORK, its agents, servants and/or employees operated, maintained, and controlled a police force known as THE NEW YORK CITY POLICE DEPARTMENT, including all the police officers employed thereby.

91.     That at all times hereinafter mentioned, the defendants,  POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, were employed by the defendant, NEW YORK CITY POLICE DEPARTMENT.

92.     That on October 4, 2012 at approximately 5:15 A.M. the plaintiff,  DIANE DEFERRARI, was lawfully present at or about the Grand Central Parkway, at or near LaGuardia Airport, County of Queens, City and State of New York.

93.     At the aforementioned time and place plaintiff,  DIANE DEFERRARI, was a lawful occupant in the vehicle operated by the plaintiff decedent, NOEL MATTHEW POLANCO.

94.     At the aforementioned time and place as the plaintiff,  DIANE DEFERRARI, lawfully occupied the aforementioned motor vehicle operated by the plaintiff decedent, NOEL MATTHEW POLANCO. The defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, while acting as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, opened gunfire and discharged a weapon at the motor vehicle that plaintiff, DIANE DEFERRARI, was a passenger in causing  plaintiff, DIANE DEFERRARI, great fear and mental anguish, and to be struck by objects due to gunfire.

95.     That the shooting was without probable cause.

96.     The aforementioned shooting was performed knowingly, intentionally and willfully.

97.     The aforementioned shooting was performed negligently and recklessly.

98.     The aforementioned shooting was performed without reason or provocation.

99.     The aforementioned shooting caused serious emotional and mental injuries to the plaintiff, DIANE DEFERRARI.

100.    After the aforementioned shooting plaintiff,  DIANE DEFERRARI, was placed under arrest, and confined against her will by members of the New York City Police Department.

101.    At no time during the events described above or as the events occurred did the defendants officers have probable cause for the discharge of their firearms

102.    At no time during the events described above or as the events occurred did the defendants officers have probable cause for the arrest and confinement of the plaintiff, DIANE DEFERRARI, and there was no legal cause or excuse for her seizure.

103.    The actions of all individual defendants were performed within the scope of their employment and authority for whose acts of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, are liable under the doctrine of respondent superior.

104.    By reason of said shooting the plaintiff, DIANE DEFERRARI, was caused to suffer severe injuries, including pain and suffering; emotional and psychological distress and horror.

105.    By reason of the foregoing, the plaintiff, DIANE DEFERRARI, demands judgment for assault and battery against the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including, but not limited to POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified,  in a sum exceeding the jurisdictional limits of all the lower courts.

## AS AND FOR A NINTH CAUSE OF ACTION CAUSE OF ACTION FOR NEGLIGENCE ON BEHALF OF DIANE DEFERRARI

106.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "105" inclusive with the same force and effect as if more fully set forth at length herein.

107.    That said incident and the injuries resulting therefrom were caused solely by the negligence, carelessness, and recklessness of defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, through its agents, servants, employees and the police officers involved, defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, both directly and vicariously.

108.    Such negligence consisted of: in training, hiring, supervision and retention of police officers/detectives, outrageous conduct, in failing to observe the existing police department protocols for police officers/detectives designed to govern the use of deadly lethal force causing the serious injuries mental  and emotional, discrimination arising and resulting out of a shooting of the

plaintiff decedent, NOEL MATTHEW POLANCO, who was seated next to plaintiff, DIANE

DEFERRARI, and further, deprived plaintiff, DIANE DEFERRARI's civil rights, privileges and

immunities secured under the Constitutions of the United States of America and State of New York;

in failing to use care in the performance of police duties as reasonably prudent and careful police

would have used in similar circumstances; in hiring and retaining persons who were unfit to serve

as police officers/detectives; failing to properly investigate their background; in failing to properly

train and instruct police officers/detectives, especially regarding the abuse of power while in the

field; in failing to give police officers/detectives proper instructions on the use of force, use of

firearms including proper discharge of said weapons; more specifically with regards to their training

as to the use of firearms in public; improperly supervised police officers/ detectives in the field,

including the police officers/detectives herein as well as in the staffing, administration and

processing of persons suspected of violation of the criminal laws of the State of New York, which

allowed the abuse and confinement of the plaintiff, DIANE DEFERRARI.

109.    The defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK

CITY POLICE DEPARTMENT, through its agents, servants, employees and the police officers

involved, defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers

as yet unidentified, were negligent, reckless and careless in shooting of plaintiff decedent, NOEL

MATTHEW POLANCO, who was seated next to the plaintiff, DIANE DEFERRARI.

110.    As the result of said negligence, the plaintiff, DIANE DEFERRARI, was caused to

suffer severe injuries and pain and suffering, including pain and suffering; emotional and

psychological distress and horror.

111.    By reason of the foregoing, the plaintiff, DIANE DEFERRARI, demands judgment

for negligence against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY

POLICE DEPARTMENT, including, but not limited to POLICE DETECTIVE HASSAN HAMDY

and JOHN DOES- Police Officers as yet unidentified.

## AS AND FOR A TENTH CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION ON BEHALF OF DIANE DEFERRARI

112.     The plaintiff repeats and realleges each and every allegation set forth above numbered"1" through "111" inclusive with the same force and effect as if more fully set forth at length herein.

113.     The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants, and employees and were negligent in the hiring, training and retention of the defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, who assaulted and imprisoned the plaintiff, DIANE DEFERRARI.

114.     That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, and continued to employ them and allowed them to be in contact with the public at large.

115.     By reason of the foregoing, the plaintiff, DIANE DEFERRARI, demands judgment for negligent hiring and retention against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR FALSE ARREST AND IMPRISONMENT ON BEHALF OF DIANE DEFERRARI

116.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "115" inclusive with the same force and effect as if more fully set forth at length herein.

117. That on October 4, 2012, the defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, as agents, servants and/or employees of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, who were working within their scope of employment and authority with the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, when they arrested and confined the plaintiff, DIANE DEFERRARI.

118. That the arrest and confinement was without probable cause nor based on reasonable grounds and not founded upon an arrest warrant.

119. That the false arrest and confinement of the plaintiff, DIANE DEFERRARI, occurred after they shot plaintiff decedent, NOEL MATTHEW POLANCO, causing plaintiff, DIANE DEFERRARI, humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

120. By the reason of the foregoing, the plaintiff, DIANE DEFERRARI, demands judgment for false arrest and imprisonment against the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including, but not limited to POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, in a sum exceeding the jurisdictional limits of all the lower courts.

## AS AND FOR A TWELFTH CAUSE OF ACTION FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ON BEHALF OF DIANE DEFERRARI

121. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "120" inclusive with the same force and effect as if more fully set forth at length herein.

122. The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified, acted intentionally, recklessly and with utter disregard to the consequences of their actions and caused severe emotional distress to the plaintiff

through their actions.

123. Said actions exceeded all reasonable bounds of decency, were outrageous and shocking and resulted in severe emotional distress to the plaintiff, DIANE DEFERRARI.

124. That as a result of said intentional and negligent acts, the plaintiff, DIANE DEFERRARI, become sick, sore, lame and disabled, received severe injuries in and about diverse parts of her person and suffered great physical pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

125. By the reason of the foregoing, the plaintiff, DIANE DEFERRARI, demands judgment for intentional and negligent infliction of emotional distress against the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including, but not limited to POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified as yet unidentified.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION Sec. 1983 of 42 U.S.C. ON BEHALF OF DIANE DEFERRARI

126. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "125" inclusive with the same force and effect as if more fully set forth at length herein.

127. That on October 4, 2012 at approximately 5:15 A.M. and for sometime prior thereto, plaintiff, DIANE DEFERRARI, was lawfully present at or about the Grand Central Parkway, at or near LaGuardia Airport, County of Queens, City and State of New York.

128. At the aforementioned time and place plaintiff, DIANE DEFERRARI, was a lawful occupant in the motor vehicle operated by the plaintiff decedent, NOEL MATTHEW POLANCO.

129. At the aforementioned time and place as the plaintiff, DIANE DEFERRARI, lawfully occupied the aforementioned motor vehicle operated by the plaintiff decedent, NOEL MATTHEW POLANCO. The defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified as yet unidentified, while acting as agents, servants and/or employees

of the defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE

DEPARTMENT, opened gunfire and began shooting at the motor vehicle which plaintiff, DIANE

DEFERRARI, was a passenger, striking plaintiff decedent, NOEL MATTHEW POLANCO, without

reason or provocation.

130. That the shooting and discharge of a weapon was without probable cause.

131. The aforementioned shooting was performed knowingly, intentionally and willfully.

132. The aforementioned shooting was performed negligently and recklessly.

133. The aforementioned shooting was performed without reason or provocation.

134. The aforementioned shooting caused personal injuries including emotional and

psychology injuries to the plaintiff, DIANE DEFERRARI.

135. After the aforementioned shooting plaintiff, DIANE DEFERRARI, was placed under

arrest, and confined against her will.

136. At no time during the events described above or as the events occurred did the

defendants officers have probable cause for the discharge of their firearms.

137. At no time during the events described above or as the events occurred did the

defendants officers have probable cause for the arrest and confinement of the plaintiff,  DIANE

DEFERRARI, and there was no legal cause or excuse for her seizure.

138. The actions of all individual defendants were performed within the scope of their

employment and authority for whose acts of the defendants, THE CITY OF NEW YORK and THE

NEW YORK CITY POLICE DEPARTMENT, are liable under the doctrine of respondent superior.

139. That at all times hereinafter mentioned, defendants, POLICE DETECTIVE

HASSAN HAMDY and JOHN DOES-Police Officers as yet unidentified as yet unidentified,

engaged in the actions and conduct alleged herein in their official capacity as New York City Police

Officers and under the color and authority of State law, regulation, ordinance, custom, and usage.

140. That such actions served to deprive the plaintiff, DIANE DEFERRARI, of the rights

and privileges of the **United States Constitution, the Fourteenth Amendment of the U.S.**

**Constitution and Sec. 1983 of 42 U.S.C.** In particular, she was deprived of her right to due process

of law, of her right to happiness, to liberty, to be free from physical injury and the unwarranted use of physical force.

141.     The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, have as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or otherwise direct it's police officers, including the officers at the scene in this case, regarding the protection of the constitutional rights of citizens - and more importantly - failed to tear down the **"Blue Wall of Silence"** so as to force the disclosure of these constitutional abuses and to take corrective measures.

142.     Such policy, practice and deliberate indifference have been described in excruciating detail in the various investigations and commissions into the Police Department. It has served to encourage and sanction the police officers' unlawful conduct described above, and was a proximate cause of the violations of the plaintiff, DIANE DEFERRARI's rights on the morning of October 4, 2012.

143.     By reason of the foregoing, the plaintiff, DIANE DEFERRARI, demands judgment for violation of her civil rights against the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including, but not limited to POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified as yet unidentified, in a sum exceeding the jurisdictional limits of all the lower courts.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES ON BEHALF OF DIANE DEFERRARI

144.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "143" inclusive with the same force and effect as if more fully set forth at length herein.

145.     The actions of the defendants herein above alleged, were malicious, willful and grossly negligent.

146. The defendants, THE CITY OF NEW YORK NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, authorized, permitted and ratified the unlawful and negligent acts defendants, POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified as yet unidentified, their agents, servants and/or employees, herein above alleged.

147. By the reason of the foregoing, the plaintiff, DIANE DEFERRARI, demands judgment for punitive damages against the defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, including, but not limited to POLICE DETECTIVE HASSAN HAMDY and JOHN DOES- Police Officers as yet unidentified as yet unidentified, in a sum exceeding the jurisdictional limits of all the lower courts.

## DAMAGES

As a direct and proximate result of the aforesaid acts of the defendants, plaintiff decedent, NOEL MATTHEW POLANCO, plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO, and plaintiff, DIANE DEFERRARI, sustained damages and injuries in an amount to be determined by a jury to be fair and equitable compensation.

(A)   Plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO, claims damages for violation of civil rights the **fourteenth (14th) Amend to Constitution and 42 USC § 1983, 1985 and 1986**;

(B) Plaintiff, DIANE DEFERRARI, claims damages for violation of civil rights under the **fourteenth (14th) Amend to Constitution and 42 USC § 1983, 1985 and 1986**;

(C)   Plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO, claims damages for severe conscious pain and suffering and wrongful death;

(D)   Plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO, claims damages on behalf of NOEL MATTHEW POLANCO, for loss of life and loss of enjoyment of life;

(E)   Plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO, for wrongful death, conscious pain and suffering pecuniary damages, loss

of services, funeral expenses and burial expenses;

      **(F)**    Plaintiff, DIANE DEFERRARI, claims damages for wrongful imprisonment and confinement, emotional distress, psychological, pain, suffering and injuries;

      **(G)**    Plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO**,** claim damages for assault and battery, negligence, negligent hiring, training and retention;

      **(H)**    Plaintiff, DIANE DEFERRARI, claim damages for assault and battery, negligence, negligent hiring, training and retention;

      **(I)**    Plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO**,** claim damages for attorneys fees, costs, disbursements and expert fees under **42 USC § 1983**;

      **(J)**    Plaintiff, DIANE DEFERRARI, claim damages for attorneys fees, costs, disbursements and expert fees under **42 USC § 1983**;

      **(K)**    Damages are claimed on behalf of each plaintiff in an amount which a jury shall determine to be fair and equitable;

      **(L)**    All plaintiffs claim damages for punitive damages against the individual defendants, in an amount which a jury shall determine is appropriate to deter future similar conduct and

      **(M)**    such other and further relief as to this Court may seem just equitable and proper

DATED:  Brooklyn, New York
          June 28, 2013

                              Yours, etc.

                              _____

                              SCOTT E. RYNECKI, ESQ. (SER4339)
                              RUBENSTEIN & RYNECKI, ESQS.
                              Attorneys for Plaintiffs
                              16 Court Street Suite 1717
                              Brooklyn, New York 11241
                              (718) 522-1020
                              File No.: 12NP10-04

## **INDIVIDUAL VERIFICATION**

STATE OF NEW YORK   )

                               ) SS:

COUNTY OF KINGS        )

        Plaintiff, SOL CECILIA REYES, as Administrator of the Estate of NOEL MATTHEW POLANCO being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

*Sol Cecilia Reyes*
SOL CECILIA REYES

Sworn to before me the 9th
day of ~~June~~, 2013
July

NOTARY PUBLIC

MAGDA MARIN-COLON
Notary Public, State of New York
No. 01MA6158891
Qualified in Richmond County
Commission Expires 1-16-20 5

## **INDIVIDUAL VERIFICATION**

STATE OF NEW YORK   )

                                 ) SS:

COUNTY OF KINGS       )

          DIANE DEFERRARI, being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

                                          DIANE DEFERRARI

Sworn to before me this **10**<sup></sup>
day of July, 2013

NOTARY PUBLIC

MAGDA MARIN-COLON
Notary Public, State of New York
No. 01MA6158891
Qualified in Richmond County
Commission Expires 1-16-2015